Dear Mr. Richard:
You ask this office to advise whether you may hold the elected position of city councilman in Thibodaux while holding the full-time position of parish administrator for Lafourche Parish.
For the following reasons, we conclude that you may not legally hold both positions.
The Louisiana Dual Officeholding and Dual Employment Laws, R.S. 42:61,et seq., govern the holding of two or more public offices or employments. Certain prohibitions are provided in that law and pertinent to this discussion is the prohibition found in R.S. 42:63(D), which states:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. (Emphasis added)
In short, R.S. 42:63(D) prohibits one from holding local elective office and a full-time appointive office. The position of Thibodaux City Councilman is a local elective office. The position of parish administrator falls within the statutory definition of "appointive office" under R.S. 42:62(2) providing:
 (2) "Appointive office" means any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof.
The position of parish administrator "is specifically authorized . . . by the charter" of Lafourche Parish. Reference is made to Article II, Section A, Section B of the Lafourche Parish Home Rule Charter, which states in pertinent part:
 The president shall have the power to nominate, subject to ratification, by resolution, by at least a majority of the members of the governing authority, a chief administrative officer, who shall be the parish administrator, and such department heads as may be provided by ordinance, who shall serve in office at the pleasure of the president until their resignation or removal from office. The president shall sign commissions and appointments of all officers.
Further recognition of the position of parish administrator is found in parish ordinance No. 2018, Section 2:201, providing as follows:
SECTION 2:201. PARISH ADMINISTRATOR
 The Parish Administrator shall have direct authority over all parish department heads and employees, as well as control over the daily operations of the parish. He shall set the compensation of all parish employees.
 This authority shall be exercised and carried out at the direction of the Parish President in accordance with the legislative policies established by the Parish Council.
Finally, the position is held on a "full-time" basis, defined by R.S.42:62(4) as "the period of time which a person normally works or is expected to work in an appointive office or employment and which is at least seven hours per day of work and at least thirty-five hours per week of work."
It is our conclusion that you must decline one of the positions as you cannot legally hold both positions concurrently.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _____________________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams